**KNOBLOCH et al. v. SMITH, Collector of Internal Revenue.**

No. 4012.

District Court, D. Connecticut.

Nov. 3, 1938.

Cummings & Lockwood (by Raymond E. Hackett), of Stamford, Conn., for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Fred J. Neuland, Sp. Assts. to Atty. Gen., and Robert P. Butler, U. S. Atty., and Louis Y. Gaberman, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge.

The plaintiffs sue to recover the amount of an additional estate tax collected by the defendant in 1936. The portion of the payment sought to be recovered was the tax claimed on an additional valuation of $4 per share on 14,778 shares of the common capital stock of the Duplan Silk Corporation, which the decedent owned at the time of his death on September 22, 1933. The value shown on the estate tax return was $15 per share. The tax was assessed and collected on a valuation of $19 per share.

On the date of decedent's death, 200 shares were sold on the New York Stock Exchange at $19 per share. This sale was the basis of the Government's valuation. The executors considered various factors in making their valuation. One was that the normal or average price of the stock, on the Exchange, was not in excess of $15 per share. Another was that by far the greater part of the stock of the company was closely held, and that the intrinsic or book value of the stock at the time of the decedent's death was $14.34 per share. A third was that a block of stock as large as that here involved could not have been sold at all on the Exchange on that date, but only at private sale, to an underwriter, if one could be found, who would want a concession of from three to five points below the market. The plaintiff substantiated these facts by testimony of experts, including the secretary and treasurer of the Duplan Silk Corporation and two members of the New York Stock Exchange who specialized in this stock. The defendant rested at the conclusion of the plaintiffs' case.

The plaintiffs cite and rely upon Jenkins et al. v. Smith, 21 F.Supp. 251, decided by this Court, and cited with approval and followed in Helvering v. Safe Deposit &

Trust Company of Baltimore, 4 Cir., 95 F.2d 806. The Government relies solely on the proposition that certain provisions of the regulations, which require disregard of blockage, are controlling.

The same regulations were in effect when the Jenkins Case, supra, was decided, and this Court did not consider itself bound by them. The defendant earnestly presses the same argument in the case at bar and it has had further and extended consideration, but even so, I must adhere to the conclusion reached in the Jenkins Case, until such time as the Circuit Court of Appeals for this Circuit reaches a different conclusion.

The regulations supply a rule of thumb, to be applied where the result is not, as here, plainly inconsistent with fact. The defendant recognizes that value is a question of fact. A question of fact is not to be decided contrary to the evidence by reason of fiat. Nor can fiat prescribe a method of ascertaining a fact contrary to the method always used by the courts of weighing the evidence. The defendant would have the Court disregard all the factors of value established by the evidence except one, the price at which a few sales were made on the date of the decedent's death. The regulations relied on do not require this, but provide that "all relevant facts and elements of value as of the time of the decedent's death should be considered in every case." This appears to be a correct rule for ascertaining value, and to the extent that it conflicts with other provisions in the regulations, the latter should be disregarded, at least by a court, which makes its findings of fact from the evidence.

It is not necessary to consider here whether the regulations relied on are valid or invalid. It is enough to say that they have no application to prescribe to a court how it shall exercise the judicial function. Regulations purely administrative, and not contrary to any statute, have the force of law. But regulations which are contrary to law, or which read something into the law which is not there, by interpretation, have no force at all.

The statute requires that the value of the decedent's estate shall be taxed. If the regulations prescribed an invariable arbitrary method of valuation which would compel a false result, the regulations would be inconsistent with the statute. The regulations cited by the defendant are saved from this status by the words quoted.

The decision herein is not based on any artificial doctrine as to "blockage" so-called, but on all the evidence, and on all the factors of value brought to the Court's attention by the evidence.

In Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 57 S.Ct. 324, 81 L.Ed. 491, the Supreme Court merely refused to review a finding of fact which there was evidence to support. It did not say that blockage as a factor of value is to be disregarded.

The plaintiffs' motion for judgment is granted. The defendant's motion for judgment is denied.